MANDATE

18-1232-cv
Fletcher v. ABM Building Value

1:14-cv-04712-NRB

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand nineteen.

PRESENT: DENNY CHIN,
SUSAN L. CARNEY,
  *Circuit Judges*,
BRENDA K. SANNES,
  *District Judge.*[*]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 25, 2019

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHERISE FLETCHER,

    *Plaintiff-Appellant*,

v.     18-1232-cv

ABM BUILDING VALUE, jointly and individually,
DBA ABM, KATHERINE COLLADO,

    *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] Judge Brenda K. Sannes, of the United States District Court for the Northern District of New York, sitting by designation.

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | LAURIE E. MORRISON, Law Office of Laurie E. Morrison, New York, New York. |
| FOR DEFENDANTS-APPELLEES: | CRAIG R. BENSON (Joseph E. Field, *on the brief*), Littler Mendelson, P.C., New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Cherise Fletcher appeals the district court's March 29, 2018 judgment in favor of defendants-appellees ABM Building Value ("ABM") and Katherine Collado (together, "Defendants") dismissing Fletcher's discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law § 290 *et seq*.  By memorandum and order entered March 28, 2018, the district court granted Defendants' motion for summary judgment.  Fletcher also challenges the district court's denial of her motion for additional depositions and document production.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Fletcher, an African American woman, began working at ABM in March 2010 on a temporary basis.  In April 2011, she was given a full time position as an HR

- 2 -

Administrator, responsible for recruiting employees, with a starting salary of $40,000. Thereafter, issues with her performance arose, as documented by several managers. In June 2012, Fletcher was issued two notices of corrective action because of performance issues. In November 2012, Fletcher was assigned to work in the reception area, called the "Bubble," and while she was given additional administrative duties, she was permitted to keep her title and salary and retained some of her HR responsibilities.

Fletcher provided a sworn statement that Collado, her direct supervisor, and two other ABM supervisors made comments motivated by her race, gender, and sex, including calling her a "bitch" and "black bitch," and referring to her as "bubble girl." App'x at 79-84, 119, 124-25, 139-40. At deposition, Fletcher testified that she complained to ABM supervisors about the alleged discrimination.

On December 4, 2012, Collado noticed that two spreadsheets Fletcher used to evaluate and track employees were missing from a shared ABM drive. ABM's information technology department discovered that Fletcher accessed the files, sent them to her personal email account, deleted the files from the shared drive, and deleted the sent emails from her work account. Defendants testified that this violated ABM's computer use policy, and ABM terminated Fletcher on December 12, 2012.

On June 26, 2014, Fletcher filed this complaint, alleging that Defendants discriminated and retaliated against her. As set forth above, the district court granted summary judgment in favor of Defendants. This appeal followed.

## STANDARD OF REVIEW

We review *de novo* the district court's grant of summary judgment, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [its] favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review a district court's discovery rulings for abuse of discretion. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004).

## DISCUSSION

On appeal, Fletcher argues that the district court erred in granting summary judgment dismissing her discrimination and retaliation claims and abused its discretion in denying her additional discovery.

### I. Discrimination Claims

#### A. Applicable Law

Under Title VII and § 1981, we generally analyze race discrimination claims under the three-step *McDonnell Douglas* burden-shifting framework. *See, e.g., Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). First, an employee must present a prima facie case of race discrimination. *Kirkland*, 760 F.3d at 225. To establish a prima facie case of race discrimination, "the plaintiff must demonstrate that: (1) she fell within a protected

class . . . ; (2) she was qualified for the position she held; (3) she was subjected to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 45 (2d Cir. 2015). This requirement is "minimal" and "a plaintiff's burden is therefore not onerous." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 128 (2d Cir. 2012) (internal quotation marks omitted). Second, if the plaintiff establishes a prima facie case, "the burden shifts to the employer to give a legitimate, non-discriminatory reason for its actions." *Kirkland*, 760 F.3d at 225. Third, if the employer proffers a reason, the plaintiff then has the burden of "show[ing] that the employer's explanation is a pretext for race discrimination." *Id.* To defeat summary judgment, "the [plaintiff's] admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the [employer's] employment decision was more likely than not based in whole or in part on discrimination." *Id.* (second alteration in original).

**B.    Application**

On appeal, Fletcher argues that, because of her race and gender, she was (1) offered a lower starting salary, (2) demoted, (3) subjected to a hostile work environment, and (4) terminated. The district court held that Fletcher failed to demonstrate a genuine issue of fact as to each of these claims. We agree.

### 1. Salary

Fletcher argues that she was discriminated against because she was offered a starting salary of $34,000 per annum when she was offered full-time employment, a sum she contends was less than the salary paid to non-African American employees. This argument fails for the simple reason that Fletcher started at a salary of $40,000, as she persuaded her supervisors to increase her salary to that amount. Hence, because Fletcher's starting salary was the same as that of other similarly situated employees, Fletcher failed to show that "she was paid less than non-members of her class for work requiring substantially the same responsibility." *Belfi v. Prendergast*, 191 F.3d 129, 139 (2d Cir. 1999).

### 2. Transfer

Fletcher argues that her transfer to the reception position was a demotion and an adverse employment action because it changed her work responsibilities and moved her to an undesirable location. An adverse employment action is one that results in a "materially adverse change in the terms and conditions of employment," and the change is materially adverse if it is "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (internal quotation marks omitted) (listing as examples of adverse actions: "a demotion evidenced by a decrease in wage or salary, a less distinguished title, . . . [or] significantly diminished material responsibilities").

Here, no reasonable jury could have found that Fletcher's transfer constituted an adverse employment action. She retained her salary and title and many of her prior recruiting responsibilities, and she remained in the same department and reported to the same supervisor. While Fletcher's new work responsibilities included "doing more . . . administrative work than actually physically recruiting and facing candidates," App'x at 93, the move was not accompanied by a cut in pay, a change in title, a diminution in authority, or a measurable loss of status, *see Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997). Accordingly, the district court properly dismissed Fletcher's discrimination claim based on her purported demotion.

### 3. Hostile Work Environment

Fletcher argues that there was a hostile work environment at ABM because of the "repeated racist and sexist slurs." Appellant's Br. at 47. To establish a hostile work environment claim, "a plaintiff must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014) (internal quotation marks omitted).

Here, Fletcher's hostile work environment claim fails because she has not presented evidence from which a jury could find that the insults were sufficiently severe or pervasive to alter the conditions of her employment. In fact, Fletcher could not

remember the time or context in which many of the alleged remarks occurred. Accordingly, the district court properly dismissed Fletcher's hostile work environment claim.

### 4. Termination

The termination of Fletcher's employment is an adverse employment action, *see Sanders*, 361 F.3d at 755, but Fletcher failed to show that it occurred under circumstances giving rise to an inference of discrimination. On this record, a reasonable jury could only conclude that Defendants terminated Fletcher because she sent ABM records to her personal email, deleted those records from the shared drive, and tried to cover up her actions. This violated an ABM computer use policy, which provided that violators "may be subject to disciplinary action, including termination of employment," App'x at 250, which policy Fletcher acknowledged that she received, read, and understood.

The remarks by Collado and the other HR managers, even assuming they were made, are not sufficient to give rise to an inference of discrimination because "stray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination." *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998). Lastly, Fletcher cannot compare how she was treated to how Collado was treated for deleting files because Collado did not engage in comparable conduct. *See Ruiz v. County of Rockland*, 609 F.3d 486, 494 (2d Cir. 2010) (requiring for comparable conduct

- 8 -

"a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases" ).  Collado only deleted documents that she drafted for herself and no one else used, and she did not try to cover up her actions.  Accordingly, Fletcher has not put forth evidence giving rise to an inference of discrimination in this respect.

## II.     Retaliation Claims

Under Title VII and § 1981, retaliation claims are generally evaluated under the *McDonnell Douglas* burden-shifting framework.  *Littlejohn v. City of N.Y.*, 795 F.3d 297, 315-16 (2d Cir. 2015).  Here, Fletcher argues that her demotion, disciplinary write ups, and termination were adverse employment actions.  For the reasons stated above, Fletcher's transfer was not an adverse employment action.  In addition, Fletcher's disciplinary write ups were not adverse employment actions because they were only notices and did not result in disciplinary action.  *See Weeks v. New York State (Div. of Parole)*, 273 F.3d 76, 86 (2d Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (holding notices of discipline did not constitute adverse employment action where the notices did not create a materially adverse change in employee's working conditions).  The only adverse employment action, therefore, was Fletcher's termination.

Assuming Fletcher established a prima facie case of retaliation as to her termination, her claim still fails as a matter of law.  Defendants articulated a legitimate, non-discriminatory reason for terminating Fletcher -- her violation of company policy.

- 9 -

We therefore turn to the question of whether Fletcher has adduced sufficient evidence from which a reasonable factfinder could conclude that she was retaliated against *because of* her protected activity. On this record, "no reasonable trier of fact could conclude that retaliation was the 'but for' reason for [Fletcher's] termination." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 852 (2d Cir. 2013). As described above, on this record, a reasonable jury could only find that Fletcher violated ABM's computer use policy. Although the termination came close in time to Fletcher's protected activity, "[t]emporal proximity alone is insufficient to defeat summary judgment at the pretext stage." *Id.* at 847. Accordingly, the district court properly dismissed Fletcher's retaliation claims.

### III. Discovery Claims

Fletcher challenges the district court's denial of her motion to (1) depose the two non-lawyer members of the Termination Review Committee ("TRC"), and (2) for additional depositions and document production.

The district court did not abuse its discretion in denying Fletcher's motion to depose the two non-lawyer members of the TRC because the TRC's discussions and communications were protected by the attorney-client privilege. The communications of the two TRC non-lawyer members were made to ABM counsel at the direction of Brad Neilly, the Vice President of HR, to secure legal advice from counsel. This information, therefore, was clearly privileged. *See Upjohn Co. v. United States*, 449 U.S. 383, 394-95 (1981).

- 10 -

Likewise, the district court did not abuse its discretion in denying Fletcher's request for additional depositions and document production.  First, while "[e]vidence relating to company-wide practices may reveal patterns of discrimination against a group of employees," *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990), Fletcher offered no evidence suggesting there was systematic, widespread, or severe discrimination by ABM.  Second, the district court has "broad discretion to direct and manage the pre-trial discovery process." *Wills*, 379 F.3d at 41.  Here, the district court denied Fletcher's requests because the requests presented new arguments that ignored the discovery procedure established by the court.  Accordingly, we cannot say that the court abused its discretion.

\* \* \*

We have considered Fletcher's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit